## N. Y. COMMON PLEAS.

ALEXANDER T. STEWART and others agt. WILLIAM C. POTTER.

An *order of arrest* for fraud in the purchase of goods by representing a bank check drawn by a third person to the order of the defendant given by him in payment therefor, to be good, and that it would be paid on presentation at the bank, cannot be sustained where it appeared that on the day of the purchase and on the subsequent day, the drawer of the check had sufficient funds in the bank for the payment of said check, but that he closed his account with the bank on the day previous to the presentation of the check at the bank in the course of regular bank exchanges—there being no evidence connecting the defendant with the closing of the bank account, and no insolvency of the drawer of the check shown.

Although cotemporaneous acts of fraud of a similar character with the one charged in the action, are undoubtedly material in actions of this kind, yet they must be proved as other facts are, not by hearsay.

*General Term,* DALY, BRADY *and* BARRETT, *Judges.*
*Heard, October,* 1868. *Decided, April,* 1869.

THIS was an appeal from an order denying a motion to set aside an order of arrest. The facts are fully stated in the opinion of the court.

IRA D. WARREN, *for appellant.*
H. H. RICE, *for respondent.*

*By the court,* BARRETT J. The defendant appeals from the denial of his motion to vacate an order of arrest which had been issued against him upon the following facts.

On the 29th of July, 1865, he purchased some goods at the plaintiff's store, and gave in payment a check of one Downing for $330, upon the Central bank of Brooklyn, payable to his own, the defendant's order, and indorsed by him. The purchase amounting to but $63.39 the plaintiffs gave the defendant the difference in cash and delivered the goods upon his representation that the check was good and would be paid upon presentation. In the regular course of the

plaintiffs business the check reached the Central bank of Brooklyn on the first of August, 1865, when payment was refused, Downing having closed his account upon the day previous. It appears that Downing made a deposit of $3.363 on the 29th, and of $1.350 on the 30th of July, and that the check was perfectly good at the time of the representation and down to the hour when the account was closed.

There is no evidence connecting the defendant in any way with the summary closing of the account, and for ought that appears, he has himself been victimized to the extent of at least of the $130, which he has since returned to the plaintiffs. It is quite clear that if the check had been sent direct to the Central bank, either upon the day of its receipt or upon the following day, there would have been no loss. At all events, the defendants statement was literally true. The check was then good and would have been paid upon presentation within what was certainly a reasonable length of time. But it cannot from that single fact be said that the defendant was guilty of fraud in contracting the debt. A party is no doubt responsible for his unqualified assertions with respect of existing facts, and that whether he speak from actual knowledge or not (*Barret* agt. *Judson*, 21 *N. Y. R.*, 238; *Crary* agt. *Ward*, 36 *Barb.*, 377), but a statement that a check of another person would be paid upon presentation was necessarily a mere expression of opinion and beleif, and must have been received as such. Certainly, no charge of fraud can be predicated thereon, in the absence of any evidence throwing discredit upon the faith thus affirmed.

The gist of the representation and that upon which alone reliance could have been placed, was the defendants knowledge of the existence at the time, of sufficient funds on deposit in the bank to meet the check, and this as we have seen, was true. But even if the statement that the check was good is to be taken in a broader sense and paraphrased into an affirmation of the responsibility of the drawer, it does not appear that the plaintiffs have tested its accuracy

by legal proceedings or otherwise, and there is no allegation of Downing's past or present insolvency.

Now is the case strenghtened by Mr. Rice's affidavit with respect to previous arrests.

Contemporaneous acts of fraud of a similar character are undoubtedly material in actions of this kind (*Hall* agt. *Taylor*, 18 *N. Y.*, 588 ; *Cary* agt. *Hotaling*, 1 *Hill*, 311 ; *Meyer* agt. *Goedel*, 31 *How. Pr. R.*, 456 ; *Amsden* agt. *Manchester*, 40 *Barb.*, 558), but they must be proved as other facts, and not by hearsay. Mr. Rice's statement amounts to but this : that many other parties who are not produced, have from time to time charged the defendant with fraud, and procured his arrest. This is not evidence and *non constat* the charges were just as unsubstantial as we have found the present.

We are therefore of opinion that upon the plaintiffs own showing they must be non-suited unless further facts be adduced upon the trial, and, for that reason, although the action itself is for the alleged fraud ; the arrest flowing therefrom cannot be upheld (*The Royal Ins. Co.* agt. *Noble*, 5 *Abb. R. N. S.*, and cases there cited.)

The order should be reversed with $10 costs, and the order of arrest vacated upon the defendants stipulating not to sue.